**Kenneth B. QUANSAH, Jr.,
Plaintiff—Appellant,**

v.

**SANMINA CORPORATION; et
al. Defendants—Appellees.**

No. 03–16558.

United States Court of Appeals,
Ninth Circuit.

Submitted April 12, 2004.*

Decided April 16, 2004.

Kenneth B. Quansah, Jr., San Jose, CA,
pro se.

John F. Baum, Esq., Jenny D. Shin,
Esq., Curiale Dellaverson Hirschfeld
Kramer and Sloan, Chinhayi J. Coleman,
AUSA, USSF—Office of the U.S. Attorney, San Francisco, CA, for Defendants—
Appellees.

Before: O'SCANNLAIN, RYMER, and
BEA, Circuit Judges.

MEMORANDUM **

Kenneth Quansah appeals pro se the
district court's summary judgment dismissing his action alleging employment
discrimination under 42 U.S.C. § 2000e
("Title VII") and 42 U.S.C. §§ 1981 and
1983. Quansah also appeals the district
court's dismissal of his claims under 42
U.S.C. §§ 1981 and 1983 against the Equal
Employment Opportunity Commission
("EEOC"). We have jurisdiction under 42
U.S.C. § 1291. We review de novo a district court's grant of summary judgment,
*United States v. City of Tacoma*, 332 F.3d
574, 578 (9th Cir.2003), and a dismissal for
failure to state a claim, *Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir.
2003). We affirm.

The district court did not err in granting
summary judgment in favor of Quansah's
former employer Sanmina Corporation on
his Title VII claims because even if Quansah made out a prima facie case of discrimination, he failed to raise a genuine issue of
material fact as to whether Sanmina's
proffered reasons for its employment decisions were pretextual. *See Chuang v.
Univ. California Davis, Bd. of Trustees*,
225 F.3d 1115, 1123–24 (9th Cir.2000).
The district court similarly did not err in
granting summary judgment on Quansah's
42 U.S.C. § 1981 claim against Sanmina.
*See EEOC v. Inland Marine Indus.*, 729
F.2d 1229, 1233 n. 7 (9th Cir.1984) (plaintiff must meet same standards in proving
§ 1981 claim that he must meet in proving
Title VII claim). The district court did not
err in granting summary judgment on
Quansah's 42 U.S.C. § 1983 claim against
Sanmina because Sanmina was not acting
under color of state law. *See Price v.
Hawaii*, 939 F.2d 702, 707–08 (9th Cir.
1991).

Finally, the district court did not err in
dismissing Quansah's 42 U.S.C. §§ 1981
and 1983 claims against the EEOC on the
grounds of sovereign immunity. *See Gerritsen v. Consulado General De Mexico*,
989 F.2d 340, 343 (9th Cir.1993).

---

* The panel unanimously finds this case suitable
  for decision without oral argument. *See* Fed.
  R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the
  courts of this circuit except as provided by
  Ninth Circuit Rule 36–3.

Quansah's remaining contentions lack merit.

AFFIRMED.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.